# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| CARLOS FIGUEROA-GIBSON, | |
| Petitioner, | 2:23-cv-25 |
| v. | |
| WARDEN JEFFRY FIKES, | |
| Respondent. | |

### ORDER

Petitioner Carlos Figueroa-Gibson ("Figueroa-Gibson") filed a "Motion to Recall This Court's January 25, 2024 Order," which the Court construes as a Motion for Reconsideration of the Court's Order. Dkt. No. 15. For the reasons which follow, the Court **DENIES** Figueroa-Gibson's Motion. The Court's Order remains the Order of the Court, and this case remains **CLOSED**. Dkt. Nos. 13, 14.

A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is "an extraordinary remedy, to be employed sparingly." Smith ex rel. Smith v. Augusta-Richmond County, No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (internal citation omitted). "A movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal citation omitted). "The only grounds for granting a Rule 59 motion are newly[]discovered

evidence or manifest errors of law or fact." Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (internal punctuation omitted)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted)).

Figueroa-Gibson attached his Objections to the Report and Recommendation to his Motion. Dkt. No. 15 at 4-6. According to Figueroa-Gibson, the Magistrate Judge used "bad law" to apply the exhaustion requirements. Id. at 5. Figueroa-Gibson presented essentially the same argument in his Response to Defendant's Motion to Dismiss. Dkt. No. 9 at 6-8. The Court rejected his arguments and determined Figueroa-Gibson was required to exhaust his administrative remedies concerning his request for First Step Act credits in order to proceed with his claims but failed to do so. Dkt. No. 12 at 2-7; Dkt. No. 13.

The Court discerns no reason to grant Figueroa-Gibson's Motion. He fails to present any newly discovered evidence in support of his requested relief or any grounds revealing this Court's previously entered Order represents a manifest error of law or fact. Accordingly, the Court **DENIES** Figueroa-Gibson's construed Motion for Reconsideration. The Court's January 25,

2024 Order remains the Order of the Court, and this case remains **CLOSED.**

**SO ORDERED,** this 15 day of February, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA