# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

```
CARLOS FIGUEROA-GIBSON,

        Petitioner,                    2:23-cv-25

    v.

WARDEN JEFFRY FIKES,

        Respondent.
```

### ORDER

Petitioner Carlos Figueroa-Gibson ("Figueroa-Gibson") filed Objections to the January 3, 2024 Report and Recommendation.[1] Dkt. No. 23. The Court had not received Figueroa-Gibson's Objections when I adopted the Report and Recommendation. Dkt. No. 13.

Figueroa-Gibson states the Court should have applied common law exhaustion principles to his 28 U.S.C. § 2241 Petition, which allow for a futility exception. Dkt. No. 23 at 2. Figueroa-Gibson presented this argument on at least one previous occasion, dkt. no. 9 at 6, and the Court has rejected that argument. Dkt. Nos. 12, 13. In his Objections, Figueroa-Gibson argues Skinner v.

---

[1] Curiously, Figueroa-Gibson's Objections are dated January 8, 2024, dkt. no. 23 at 3, and the attached envelope displays at least two separate postmark dates: January 10, 2024 and March 29, 2024, id. at 4. However, Figueroa-Gibson's Objections were not docketed until June 21, 2024.

Wiley, 355 F.3d 1293 (11th Cir. 2004), holds the Prison Litigation Reform Act ("PLRA") does not apply to habeas petitions and, instead, common-law exhaustion principles should be applied. Even under Skinner, Figueroa-Gibson was required to exhaust his administrative remedies prior to filing his Petition, and he failed to do so. 355 F.3d at 1295 (concluding petitioner was required to exhaust administrative remedies, even if the PLRA does not apply to habeas petitions).

Figueroa-Gibson argues the court in Jones v. Zenk, 495 F. Supp. 2d 1289 (N.D. Ga. 2007), concluded futility may excuse exhaustion of administrative remedies in the habeas context. Dkt. No. 23 at 2.[2] Figueroa-Gibson is correct about the holding in Jones. However, Jones is not controlling authority. Furthermore, numerous courts have concluded there is no futility exception for exhaustion of remedies for the purposes of a § 2241 petition. See, e.g., Perez v. Joseph, No. 3:22CV2055, 2022 WL 2181090, at *2 (N.D. Fla. May 4, 2022), report and recommendation adopted, 2022 WL 2176505 (N.D. Fla. June 15, 2022). Indeed, the Eleventh Circuit Court of Appeals has concluded on several

---

[2]   Figueroa-Gibson also relies on Green v. Zenk, No. 1:06-CV-1231 (N.D. Ga. Mar. 20, 2007), but he misunderstands the court's ruling in that case. In Green, a magistrate judge initially determined futility excused the petitioner's need to exhaust administrative remedies, but the district judge rejected that determination. The district judge concluded the court could not "engraft a futility exception onto the requirement that § 2241 petitions exhaust administrative remedies prior to filing suit." As a result, the court granted the defendant's motion to dismiss based on the petitioner's failure to exhaust administrative remedies.

2

occasions a § 2241 petitioner cannot obtain judicial waiver of the Eleventh Circuit's exhaustion requirement by demonstrating futility, albeit in unpublished decisions. See Gonzalez v. Stone, No. CV 314-036, 2015 WL 106252, at *3 (S.D. Ga. Jan. 7, 2015) (collecting cases). Ultimately, Figueroa-Gibson has not shown he is entitled to judicial waiver of the exhaustion requirement based on futility.

The Magistrate Judge correctly analyzed whether Figueroa-Gibson exhausted his administrative remedies, as that procedure is set forth in 28 C.F.R. § 542.10 *et seq.*, and determined Figueroa-Gibson had not exhausted his available administrative remedies. Dkt. No. 12 at 5-7. Figueroa-Gibson presents nothing in his Objections showing he exhausted available administrative remedies or the Court should excuse the exhaustion requirement.

The Court **OVERRULES** Figueroa-Gibson's Objections. The Court's January 25, 2024 Order remains the Order of the Court, and this case remains **CLOSED**.

**SO ORDERED**, this 2 day of July, 2024.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA